IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**JEREMIAH ZUPKO,**

                Petitioner,

      v.                          CASE NO. 10-3067-RDR

**CLAUDE CHESTER, et al.,**

                Respondents.

MEMORANDUM AND ORDER

    This matter is a petition for habeas corpus filed pursuant to 28 U.S.C. § 2241 by a prisoner in federal custody. Petitioner proceeds pro se. He contends the federal Bureau of Prisons (BOP) improperly found him ineligible for early release following his completion of the Residential Drug Abuse Treatment Program (RDAP). He specifically challenges the denial of early release on the ground that he was not convicted of a violent offense.

**Background**

    Petitioner was convicted in the U.S. District Court for the District of Wyoming for Using a Firearm During and In Relation to a Drug Trafficking Crime in violation of 18 U.S.C. § 924(c)(1). He is serving a federal sentence of 60 months at the United States Penitentiary, Leavenworth, Kansas.

    While serving this sentence, petitioner participated in the RDAP.

**Discussion**

A petition for habeas corpus pursuant to 28 U.S.C. § 2241 is the proper means to challenge the validity of a prisoner's detention. *Bradshaw v. Story*, 86 F.3d 164, 166 (10th Cir. 1996).

Petitioner challenges the denial of early release on the ground that his conviction under 18 U.S.C. § 924(c)(1) is a non-violent offense.

**History of RDAP**

Congress has determined that eligible federal prisoners must be provided with substance abuse treatment. 18 U.S.C. § 3621. In 1994, as part of the Violent Crime Control and Law Enforcement Act (VCCLEA), Pub. L. 103-322, § 32001 (1994), the statute was amended to require the BOP to provide residential substance abuse treatment for all eligible prisoners. 18 U.S.C. § 3621(e)(1)(C). As incentive, the statute provides that those who complete the course of treatment may be granted a reduction of up to one year in the term of incarceration. *See* 18 U.S.C. § 3621(e)(2)(B).

Following the 1994 amendment to § 3621, the BOP developed regulations setting out the procedures to determine early release eligibility. Section 3261(e) did not define the term "nonviolent offense", and the BOP initially used the definition of "crime of violence" found in 18 U.S.C. § 924(c)(3) to determine eligibility for early release.

2

Thereafter, the BOP developed its Program Statement 5162.02 to implement the early release provision, but, in addition to inmates whose crimes fit the "crime of violence" criterion, the Program Statement excluded prisoners with convictions for felon in possession of a firearm under 18 U.S.C. § 922(g).  *See Lopez v. Davis*, 531 U.S. 230, 233-34 (2001).

In the wake of conflicting case law concerning the 1995 Rule and Program Statement 5162.02, the BOP issued an interim regulation in 1997 that again excluded from early release those prisoners who possessed a firearm in their criminal conduct.  The 1997 rule was based upon the discretionary authority of the Director of the BOP to exclude categories of inmates from early release.  *See Lopez*, 531 U.S. at 235.  Legal challenges to the categorical exclusion represented by the 1997 rule were resolved in the *Lopez* decision, which upheld the BOP's discretionary authority to narrow the class of inmates eligible for a reduction in incarceration.  *Lopez*, 531 U.S. at 239-41.  On December 22, 2000, the BOP developed a final regulation which adopted the 1997 interim rule.  65 Fed. Reg. 80745-80749.

In March 2009, the BOP developed new rules and reorganized the RDAP regulations.  74 Fed. Reg. 1892-99.

Accordingly, after the 2000 rule and prior to the March 2009 rules, an inmate's eligibility for early release was determined by reference to 28 C.F.R. § 550.58 and Program Statement 5162.04.  (Doc. 7, Attach. 1, Phillips Decl., ¶ 7, Ex. B.)  At that time, §550.58(a) provided, in part, as follows:

3

> (l) As an exercise of the discretion vested in the Director of the Federal Bureau of Prisons, the following categories of inmates are not eligible for early release:...
> (vi) Inmates whose current offense is a felony:
>> (A) That has as an element, the actual, attempted, or threatened use of physical force against the person or property of another, or
>>
>> (B) That involved the carrying, possession, or use of a firearm or other dangerous weapon or explosives (including any explosive material or explosive device), or
>>
>> (C) That by its nature or conduct presents a serious potential risk of physical force against the person or property of another....
>> 28 C.F.R. § 550.58(a)(1)(vi)(A)-(D)(Dec. 22, 2000).

In addition, Program Statement 5162.04 provided guidance on whether a prisoner's current offense was a crime of violence that barred early release under § 3621(e), and if not, whether the current offense was one which the Director of the BOP had determined, in the exercise of discretion, barred early release. (Doc. 5, Ex. B., P.S. 5162.04.)

Following the development of the March 2009 rules, a prisoner's eligibility for early release was governed by 28 C.F.R. § 550.55, Program Statement 5331.02, *Early Release Procedures under 18 U.S.C. § 3621(e)*, and Program Statement 5162.05, *Categorization of Offenses*. (Doc. 5, Attach. 1, Phillips Decl., Exs. A and C.) Section 550.55 provides, in part:

> (b) Inmates not eligible for early release. As an exercise of the Director's discretion, the following categories of inmates are not eligible for early release:...
>
>> (5) Inmates who have a current felony

4

> conviction for:
>
> (i) An offense that has as an element, the actual, attempted, or threatened use of physical force against the person or property of another;
>
> (ii) An offense that involved the carrying, possession, or use of a firearm or other dangerous weapon or explosives (including any explosive material or explosive device);
>
> (iii) An offense that, by its nature or conduct, presents a serious potential risk of physical force against the person or property of another.... 28 C.F.R. § 550.55(b)(5)(Mar. 16, 2009).

Program Statement 5162.05, like its predecessor, requires first, consideration of whether the prisoner's offense conduct is a crime of violence which bars eligibility for early release for the prisoner under § 3621(e), and second, whether the offense is one the Director of the BOP has determined bars eligibility for early release. (Doc. 5, Ex. C.)

The Drug Abuse Program Coordinator (DAPC) for USP-Leavenworth interviewed petitioner in January 2009 as part of his eligibility review pursuant to Program Statement 5162.04, *Categorization of Offenses* (Oct. 9, 1997). Following the review, staff determined that petitioner was ineligible for early release.

This determination was based upon two findings: first, the petitioner's conviction involved a firearm and was deemed to present a serious potential risk of physical force (Doc. 7, Attach. 1, Phillips Decl., ¶ 14,; Ex. F at 1); second, under Program Statement 5162.04, a conviction under 18 U.S.C. §924(c)(1) for Using a Firearm

5

During and In Relation to a Drug Trafficking Crime bars the inmate from eligibility for early release under 18 U.S.C. § 3621(e).

At the time of petitioner's interview, the relevant federal regulation provided as follows:

> (a)(1) As an exercise of the discretion vested in the Bureau of Prisons, the following categories of inmates are not eligible for early release: ... (vi)Inmates whose current offense is a felony: ... (B) That involved the carrying, possession, or use of a firearm or other dangerous weapon or explosives (including any explosive material or explosive device).... 28 C.F.R. § 550.58 (Dec. 22, 2000).

Petitioner contends that his offense under 18 U.S.C. §924(c)(1) is a non-violent offense and that it is an error to find him categorically ineligible for early release. Petitioner's argument, however, is foreclosed by the decision of the United States Supreme Court in *Lopez*. In that decision, the Supreme Court concluded that the BOP had reasonably exercised its discretion in the administration of the early release program and upheld its categorical exclusion of certain offense conduct from the early release program.

After the *Lopez* decision, the United States Court of Appeals for the Tenth Circuit held that a prisoner convicted as a felon in possession of a firearm is ineligible for early release under §3621(e)(2)(B) under the 2000 rule. *Martin v. Rios*, 472 F.3d 1206 (10th Cir. 2007).

The court concludes that petitioner's claim that his conviction for Using a Firearm During and In Relation to a Drug Trafficking Crime was correctly determined to bar his eligibility for early

6

release.  Petitioner's commission of a felony involving a firearm is reasonably viewed as showing a propensity to violence, and the BOP has exercised its discretion to bar those convicted of such conduct from early release.

IT IS, THEREFORE, BY THE COURT ORDERED the petition for habeas corpus is dismissed and all relief is denied.

Copies of this order shall be transmitted to the parties.

**IT IS SO ORDERED.**

DATED:  This 27th day of October, 2011, at Topeka, Kansas.


S/Richard D. Rogers
RICHARD D. ROGERS
United States Senior District Judge